**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan Donald Billups, | No. CV-19-05771-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Before the Court is an "Amended Notice of Withdrawal of Attorney and Extension of Due Date for Filing Objections to Report and Recommendation" (Doc. 52), filed by Ms. Vicki Lopez, one of Petitioner's attorneys of record. The Court struck counsel's first Notice of Withdrawal for failure to comply with LRCiv 83.3. (Doc. 51). In that Order, the Court also instructed that "[a]ny renewed motion to withdraw shall also explain the status of attorney of record Cari Nolan, what notice has been provided to Petitioner, and what efforts have been taken to find Petitioner new counsel." (*Id.*)

LRCiv 83.3(b) states in relevant part, that where an attorney's application to withdraw does not include the written approval of the client, "[t]he motion shall be accompanied by a certificate of the attorney making the motion that (A) the client has been notified in writing of the status of the case including the dates and times of any court hearings or trial settings, pending compliance with any existing court orders and the possibility of sanctions. . ." LRCiv 83.3(b). Ms. Lopez does not certify that Petitioner has been notified of the status of the case and states only that she has mailed a copy of the

Amended Notice of Withdrawal to Petitioner. She represents that the Nolan Law Firm has closed and the State Bar is going to appoint a conservator to take possession of the firm's files. She further states that Mr. Nolan is recently deceased, Ms. Nolan is in a recovery program, and Ms. Lopez is no longer receiving compensation from the firm. Ms. Lopez states that she has met with "a representative of the Federal Public Defender's Office" and says that "[o]nce counsel has been withdrawn, and they are appointed, they are prepared to take over." (Doc. 52).

Without more, the Court has reservations about allowing Petitioner's counsel to withdraw under such circumstances. First, it is unclear from Ms. Lopez's Amended Notice that the circumstances underlying the need to withdraw have been communicated to Petitioner beyond sending him a copy of the Amended Notice, a copy of which does not inform Petitioner of his upcoming deadlines or the status of his case. Second, the Amended Notice seems to assume that the Court will appoint counsel for Petitioner but makes no substantive arguments regarding the need to do so. "Indigent state prisoners applying for habeas corpus relief are not entitled appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987). The Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (citations omitted). Absent a supported motion to appoint counsel, the Court has no grounds to assess whether appointment is necessary.

Ms. Lopez nonetheless represents that the Federal Public Defender's Office is prepared to take over if the Court will grant an extension of time to file objections to the Report and Recommendation. The Court finds that a third extension of time is warranted under these circumstances.

Accordingly,

**IT IS ORDERED** that Petitioner's third request for an extension of time to file objections to the R&R is **granted**. Petitioner's objections to the R&R shall be filed by **May 16, 2022**.

**IT IS FURTHER ORDERED** that the Amended Notice of Withdrawal of Attorney (Doc. 52) is **denied**, without prejudice to refile upon a showing that counsel has informed Petitioner of the status of his Petition and upcoming deadlines, and/or that substitute counsel has been obtained and is prepared to file a Notice of Appearance on behalf of Petitioner.

Dated this 18th day of March, 2022.

Honorable Diane J. Humetewa
United States District Judge