**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan Donald Billups, | No. CV-19-05771-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Magistrate Judge John Z. Boyle's Report and Recommendation ("R&R") (Doc. 45) on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") (Doc. 1) recommends that the Petition be denied and dismissed with prejudice, and a certificate of appealability also be denied. (Doc. 45 at 29–30). Petitioner, through counsel, timely objected to one of the R&R's recommendations (Doc. 64), and Respondents filed a Reply (Doc. 65). The Court will review the objected to portion of the R&R *de novo*. *See* Fed. R. Civ. P. 72(b); 29 U.S.C. § 636(b)(1)(C).

**I.   Background**

Petitioner asserts six grounds for relief, all of which were analyzed in Magistrate Judge Boyle's thorough R&R. Petitioner objects to the R&R's recommended dismissal of his claim in Ground 1 that he was denied due process at sentencing when the judge referred to him as a "dumb ass." (Doc. 64 at 2).

The R&R found that this federal claim had been raised on direct appeal and rejected on the merits by the Arizona appellate court. (Doc. 45 at 12–15). Reviewing the claim

under the restrictions of 28 U.S.C. § 2254(d), the Magistrate Judge determined the Arizona Court of Appeals' decision "was neither an unreasonable application of nor contrary to clearly established federal law and was not based on an unreasonable determination of the facts." (*Id.*) He specifically found that "[f]airminded jurists could agree with the court of appeals' conclusion that the 'dumb ass' comment did not indicate an 'unconstitutional potential for bias'" but was an opinion the judge developed "solely through the course of the proceedings and therefore not evidence of any preconceived bias." (*Id.*)

In his Objection, Petitioner argues that his due process claim was not considered on the merits because "the facts surrounding the mental lapse (otherwise known as mental lapse or aphasia) suffered by the sentencing judge between his chambers and the courtroom were neither known nor knowable until the non-public proceeding in the Judicial Commission had been concluded." (Doc. 64 at 3). Petitioner further argues that he could not have presented the claim to the PCR court in his Rule 32 proceedings "because the issue had already been determined on appeal." (*Id.*) As a result, he says there was an "absence of available State corrective process" and the claim should be considered *de novo* on federal habeas review. (*Id. citing* 28 U.S.C. § 2254(b)(1)(B)(i–ii)).

**II.    Discussion**

AEDPA[1] deference applies only to "claim[s]" that were "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). A "claim" for purposes of AEDPA is "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). "Where new evidence in support of a previously argued basis for relief leaves the 'gravamen of [a petitioner's] legal argument. . . essentially' unchanged, *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999) (per curiam), courts interpreting the word 'claim' in 28 U.S.C. § 2244(b) have hesitated to hold that a petitioner's evidence of such additional evidence creates a new 'claim.'" *Pouncy v. Palmer*, 846 F.3d 144, 159 (6th Cir. 2017) (citing *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998)).

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996.

Petitioner argues that statements made in the sentencing judge's letter to the state judicial commission present evidence that was not considered by the Arizona appeals court and warrant a *de novo* review on federal habeas review. After reviewing the judge's comments, the Arizona appeals court rejected Petitioner's judicial bias claim by stating

> After a close review of the record, we cannot conclude the trial judge's remarks were anything more than an expression of his opinion about the admittedly ill-considered way in which Appellant executed the crimes for which he was charged. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."). Although ill-advised and inconsistent with the Arizona Code of Judicial Conduct, the judge's remarks do not rise to the level of "deep-seated favoritism or antagonism" required to demonstrate bias. *See id.* at 555.

(Doc. 64-2 at 6).

Following this decision, the sentencing judge wrote a letter to the state judicial commission apologizing for his bad behavior and statements. (Doc. 64-2 at 2). He in part explained that his statements were made in frustration and that he had "completely forgot that the controlling charge for sentencing was the drug offense and not the two weapons charges." (*Id.*) He said he "blanked out as to the drug charge until [he] had made the inappropriate comment." (*Id.*) Petitioner characterizes this as a "mental lapse" that amounts to a "senior moment" that was not known or considered by the state appeals court when it determined Petitioner's judicial bias due process claim.

The Court rejects this argument on two grounds. First, the record, including the sentencing judge's letter and the subsequent judicial commission reprimand, does not support that the judge was suffering from any type of cognitive deficiency that biased his sentencing of Petitioner. When he stated in his letter that he "blanked out as to the drug charge," the judge clearly meant that he momentarily forgot that Petitioner was also convicted of a drug charge, which carried the longest sentence. As the sentences were ultimately imposed to run concurrently, with the drug charge carrying the longest, this momentary "blank out" had no ultimate impact on the sentence that was imposed. (Doc.

64-1 at 2–3).

Second, the judge's letter does not change the "gravamen" of the legal claim that was adjudicated by the Arizona appeals court, but merely adds facts to Petitioner's legal argument. *Pouncy*, 846 F.3d at 159. On direct appeal, Petitioner argued the judge was unconstitutionally biased against him when he called him a dumb ass. The appeals court determined that the judge's remarks, though clearly inappropriate, derived from the judge's frustration with the way the crimes were carried out, or as a result of his participation and knowledge about the case, and did not stem from an "extra-judicial source." (Doc. 64-2 at 6). After commenting on the "dumb-ass way" Petitioner had committed the wrongful possession crimes, the judge woefully noted that Petitioner is "actually a likeable guy" and that was "the sad part of all of this." (*Id.*). The judge's letter to the judicial commission does nothing to alter the appeals court's analysis of Petitioner's legal claim, and in fact, only seems to reinforce its conclusions. *Pouncy*, 846 F.3d at 159 (finding that where new evidence "does not meaningfully alter the legal conclusion. . . asserted. . . on direct appeal," it does not create a "claim" and the deferential standards of 28 U.S.C. § 2254(d) apply). Though the Arizona Court of Appeals did not have the sentencing judge's letter before it when it ruled on Petitioner's due process claim, that does not mean that the claim of bias or prejudice was not adjudicated on the merits.

The Magistrate Judge was appropriately limited by the deferential review of section 2254(d) in reviewing Ground 1. Petitioner has not pointed to an error in the Magistrate Judge's analysis of Ground 1 under section 2254(d) and this Court cannot find one. Accordingly, Petitioner's objection is overruled. The Court has also reviewed the remainder of the R&R and agrees with its findings and conclusions.

**IT IS ORDERED** that Magistrate Judge Boyle's Report and Recommendation (Doc. 45) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the Petitioner is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of a denial of a constitutional right.

Dated this 1st day of March, 2023.

Honorable Diane J. Humetewa
United States District Judge